IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IEMA LEMONS, as
Personal Administrator for the
Estate of TYSHUN L. LEMONS, Deceased,

    Plaintiff,

v.

Case No.:

WISCONSIN DEPARTMENT OF
CORRECTIONS; KEVIN A. CARR,
SECRETARY, WISCONSIN DEPARTMENT
OF CORRECTIONS; JARED HOY, DEPUTY
SECRETARY and RANDALL HEPP, WARDEN,
WAUPUN CORRECTIONAL in their individual
and official capacities.

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, IEMA LEMONS, as the Personal Administrator of the Estate of TYSHUN L. LEMONS, deceased, by and through her attorney, Lonnie D. Story, Esq., of the STORY LAW FIRM, LLC, and for her claims against the Defendants, alleges and states as follows:

### INTRODUCTION

1. This is a civil rights action in which Plaintiff, IEMA LEMONS, as Personal Representative for the Estate of TYSHUN L. LEMONS, seeks relief and all damages that flow from Defendants' multiple violations of decedent TYSHUN L. LEMONS's rights, privileges, and immunities as secured by the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983.

2. Mr. Lemons died on October 2, 2023, of acetyl fentanyl and fentanyl toxicity while in the custody and care of Waupun Correctional Institution (WCI) located in Waupun, Wisconsin.

3. During the period leading up to October 2, 2023, Defendants owed Mr. Lemons a duty to protect him from unreasonable dangers while in their custody and care.

4. During the same period, Defendants requested a Department of Justice Investigation due to the discovery of illegal drugs entering their facility during a prolonged lockdown.

5. At all times relevant, Defendants willfully and deliberately ignored their duties, specifically their duties to ensure Mr. Lemons' civil rights weren't violated by subjecting him to a prolonged lockdown.

6. Defendants' willful and deliberate indifference to the conditions within WCI resulted in Mr. Lemons being able to obtain illegal drugs and, as a result, resulted in his death from an overdose.

7. On behalf of the estate of Mr. Lemons, as the Personal Representative thereof, Ms. Iema Lemons seeks all relief appropriate and allowable resulting from the constitutional violations Defendants inflicted upon Mr. Lemons.

8. As part of the aforementioned relief, Plaintiff Ms. Iema Lemons seeks damages for the Estate, including any and all damages recoverable under all applicable state laws, 42 U.S.C. Sections 1983 and 1988, attorney fees and costs, and any further relief deemed proper by this Honorable Court.

## JURISDICTION AND VENUE

9. The jurisdiction of the court is invoked pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331, §1346, and §1391(b); the Constitution of the United States of America; and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. §1367.

10. Venue is proper in this District under 28 U.S.C.§1391. The parties reside, or at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

## PARTIES

11. Plaintiff IEMA LEMONS is the duly appointed Personal Representative of the estate of TYSHUN L. LEMONS is a resident of COUNTY OF BROWN, STATE OF WISCONSIN.

12. Defendant Wisconsin Department of Corrections ("WIDOC") is an entity run by the State of Wisconsin. The Department states it, "works to protect the public through the constructive management of those placed in its charge. We offer education, programming, and treatment to persons in our care that enables them to be successful upon returning to the community. Our mission is to achieve excellence in correctional practices while fostering safety for victims and communities."[1]

13. Defendant Kevin Carr is the Secretary of the WIDOC. Defendant Carr is responsible for the management of the WIDOC.

14. Defendant Jared Hoy is the Deputy Secretary of the WIDOC and is second in charge of the Department.

---

[1] https://doc.wi.gov/Pages/Home.aspx

15. Defendant Randall Hepp is the Warden at WCI. As warden at WCI, Defendant Hepp is responsible for all staff and inmates at WCI. Defendant Hepp is responsible for the supervision and training of staff under his management. Defendant Hepp is also responsible for ensuring the health, safety, and well-being of all inmates at WCI.

**FACTUAL ALLEGATIONS**

16. Defendant WIDOC is an entity run by the State of Wisconsin. The Department states it, "works to protect the public through the constructive management of those placed in its charge. We offer education, programming, and treatment to persons in our care that enables them to be successful upon returning to the community. Our mission is to achieve excellence in correctional practices while fostering safety for victims and communities."[2]

17. At all times relevant, Defendant WIDOC was responsible for providing medical and mental health services, treatment, and medication to Mr. Lemons while in custody.

18. Defendant WIDOC was additionally responsible for creating and implementing policies, practices, and protocols that govern the provisions of mail intake, guard monitoring, and the control of illegal contraband entering/exiting WCI.

19. WCI's Purpose Statement alleges, "The purpose of Waupun Correctional Institution (WCI) is to provide inmates, staff, and the public with a safe and secure institution, *while encouraging positive growth and enabling inmates to successfully re-enter society*."[3]

20. At all times relevant, Defendant Hepp was responsible for the daily operations of WCI. This responsibility includes the supervision of the staff within his institution.

21. Mr. Lemons was sentenced in 2015 to 13 years in prison.

---

[2] *Id.*
[3] https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/WaupunCorrectionalInstitution.aspx

22. According to the Wisconsin Department of Corrections, Mr. Lemons arrived at WCI on or about October 11, 2019.

23. In his individual and official capacity, Defendant Hepp implemented a lockdown at WCI on or about March 29, 2023.

24. According to prison officials, the lockdown was implemented due to, "some of the institution population breaking rules that are in place to assure everyone's safety." [4]

25. Reporting in the Milwaukee Journal Sentinel also stated, "More than half of the staff positions at Waupun are unfilled, while the prison is housing 120 more people that its 882-person capacity." [5]

26. During the period of WCI's lockdown, a sweep found illegal drugs and contraband.

27. As a result, the Governor of the State of Wisconsin requested an investigation by the Department of Justice. [6]

28. Defendants were aware of the illegal substance problem in their institution.

29. "Between January 2020 and March 2023, the DOC reported 44 incidents involving prisoners at Waupun in which Narcan or naloxone was used. Across all its adult correctional facilities, including an unnamed supervised living facility, the DOC reported 600 such incidents in the same time period." [7]

30. The investigation resulted in eleven (11) workers being suspended.

---

[4] https://www.jsonline.com/story/news/2023/11/02/heres-what-you-need-to-know-about-the-waupun-prison-lockdown/71400906007/

[5] Id.

[6] https://spectrumnews1.com/wi/milwaukee/news/2024/03/08/wisconsin-prisons-lockdown-investigation

[7] https://www.msn.com/en-us/news/crime/hes-greatly-missed-30-year-old-who-died-at-waupun-prison-overdosed-on-fentanyl-leaving-family-with-questions/ar-BB1jqc4i

## CLAIMS

### COUNT I - MONELL LIABILITY - DEFENDANTS

31. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

32. Defendant WIDOC is a "person" for the purposes of 42 U.S.C. §1983.

33. All Defendants acted under color of state law, while operating in their respective capacities during their interactions with Mr. Lemons.

34. Upon information and belief, between on or about October 11, 2019, and October 2, 2023, Defendants, with deliberate indifference to the rights of Mr. Lemons, maintained and permitted a custom, pattern, and/or practice - by and through its agents and employees acting under color of law - ignoring Mr. Lemons' rights to be free from the introduction of illegal substances by Defendants or Employees of Defendants.

35. WCI clearly had systemic deficiencies in the observation, surveillance, and monitoring of what came into WCI. Defendants clearly failed to take reasonable steps to alleviate the dangers presented by the staff of WCI.

36. As a direct and proximate result of the customs, patterns, and/or practices of Defendants in their individual and official capacities, Mr. Lemons overdosed on Acetyl fentanyl, a synthetic opioid similar to fentanyl, and died.

### COUNT II - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
(Eighth Amendment – Cruel and Unusual Punishment)

37. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

38. The Eighth Amendment's cruel and unusual punishment clause "imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing,

shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

39. The Eighth Amendment also protects "prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014).

40. At all times relevant, Mr. Lemons was entitled to all rights, privileges and immunities afforded to all incarcerated citizens of the State of Wisconsin and the United States.

41. At all times relevant, Defendants had a duty to protect Mr. Lemons from known serious risks to his health or safety.

42. At all times relevant, Defendants were acting within the course and scope of their employment with WIDOC and were acting under color of state law with the authority granted to them as corrections officers, supervisors, shift supervisors, health care providers, wardens, and/or administrators, along with any other roles or responsibilities not mentioned under the supervision of any named Defendant.

43. Pursuant to the Eighth Amendment of the United States Constitution, Mr. Lemons had a right to be free from cruel and unusual punishment while incarcerated at WCI and at all times relevant while under the custody and control of the Wisconsin Department of Corrections.

44. At all times relevant, Defendants had a duty to protect Mr. Lemons from known serious risks to his health or safety.

45. At all times relevant, Defendants, with malice, recklessness, and/or deliberate indifference, kept Mr. Lemons in a confined area with knowledge that illegal substances and contraband were inside the facility.

46. This knowledge is evidenced by the request to the Department of Justice to conduct an investigation regarding the flow of illegal drugs and contraband into the facility.

47. Based on Defendants' actions, Mr. Lemons suffered cruel and unusual punishment by unnecessarily suffering mental health issues that resulted in suicide.

48. Mr. Lemons is survived by IEMA LEMONS, a person eligible to recover damages on Mr. Lemons' behalf as their next of kin.

49. By the above-mentioned actions and/or omissions, Defendants deprived Mr. Lemons of the rights secured by the Eighth Amendment of the United States Constitution.

**COUNT III - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**
**(Eighth Amendment – Deliberate Indifference)**

50. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

51. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'…prescribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 1204 (1976).

52. To establish an entitlement to damages for deliberate indifference to a serious medical need, an inmate must show evidence that an objectively serious medical condition was presented that a defendant responded to with deliberate indifference, thus resulting in some injury. *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020).

53. "Suicide is an objectively serious medical condition and, as a result, a prison official cannot intentionally disregard a *known* risk that an inmate is suicidal." *Id.* (Emphasis added).

54. At all times relevant, Mr. Lemons was entitled to all rights, privileges and immunities afforded to all incarcerated citizens of the State of Wisconsin and the United States.

55. At all times relevant, Defendants had a duty to protect Mr. Lemons from known serious risks to his health or safety.

56. Defendants' deliberate indifference to Mr. Lemons' well-being was in furtherance of, and consistent with: (a) policies, customs, and practices which WIDOC and WCI promulgated, created, implemented, or possessed responsibility for the continued operation of; and (b) policies, customs, and practices which WIDOC and WCI had responsibility for implementing and which other named Defendants assisted in developing or executing.

57. By the above-mentioned actions and/or omissions, Defendants deprived Mr. Lemons of the rights secured by the Eighth Amendment of the United States Constitution.

**COUNT III – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**
**(Fourteenth Amendment – State Created Danger)**

58. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

59. The Due Process Clause of the Fourteenth Amendment prohibits state officials from engaging in conduct that renders an individual more vulnerable to harm.

60. Staff of Defendants orchestrated and participated in a dangerous drug ring, or a ring charged with the introduction of contraband into a correctional facility.

61. Defendants Carr, Hoy, and Hepp were aware of drug issues within WCI and failed to address the issue.

62. Defendants permitted illegal drugs to be sold and used in WCI and thereby facilitated dangerous drug use and sales.

63. Defendants knew of illegal drugs coming into the facility as evidenced by a request for a DOJ investigation.

64. Defendants further knew of an illegal drug problem due to the use of Narcan in WIDOC facilities.

65. "Between January 2020 and March 2023, the DOC reported 44 incidents involving prisoners at Waupun in which Narcan or naloxone was used. Across all its adult correctional facilities, including an unnamed supervised living facility, the DOC reported 600 such incidents in the same time period." *Id*.

66. Defendants' actions, and inactions, constitute a violation of Plaintiff's rights under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution, which resulted in his death.

67. Further, Defendants' actions of permitting illegal drugs to be introduced to the institution, and used, made Mr. Lemons more vulnerable to harm and constituted deliberate indifference to a serious risk of harm, as officers knew of the potential lethality of the drugs they were introducing to the facility.

68. Based on the use of Narcan and naloxone, Defendants also knew of the drug use situation within WCI, thus further exposing Mr. Lemons to harm.

69. Defendants' actions and inactions constitute a violation of Mr. Lemons' rights under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution, which resulted in his death.

### COUNT III – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
(Failure to Train, Supervise and Protect)

70. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

71. Supervisory state officials are prohibited from enacting or maintaining unconstitutional policies, practices, or customs with deliberate indifference to the consequences.

72. A supervisor is liable if they at least implicitly authorized, approved of or knowingly acquiesced in the unconstitutional conduct of a subordinate.

73. At all times relevant, Defendants Carr, Hoy, and Hepp were responsible for the creation and implementation of policies for WIDOC and WCI.

74. At all times relevant, Defendant Hepp was responsible for the daily operations of staff at WCI. This included training of staff.

75. Defendants knew that drugs in prisons had lead to overdoses.

76. In the alternative, Defendants did not have an effective policy or practice that effectively prevented the introduction of illegal drugs and contraband into the facility.

77. Defendant Hepp also failed to properly train, monitor, or supervise the staff under his supervision.

78. Defendants' actions and inactions constitute a violation of Plaintiff's rights under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution, which resulted in his death.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Full and fair compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorney's fees and costs of this action;

    d. Award the Estate of Tyshun L. Lemons, pursuant to all applicable laws, fair and equitable damages, including, but not limited to, reasonable expenses for which the state is liable; and

    e. Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

RESPECTFULLY SUBMITTED,

Dated: June 4, 2024.   Electronically signed by:

*Lonnie D. Story*
Lonnie D. Story, Esquire
Attorney for Plaintiff
STORY LAW FIRM, LLC
Wis. Bar #1121459
732 N. Halifax Avenue, #301
Daytona Beach, Florida 32118
(386) 492-5540
lstorylaw@gmail.com