IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**IEMA LEMONS, as**
**Personal Administrator for the**
**Estate of TYSHUN L. LEMONS, Deceased,**

**Plaintiff,**

Case No.: 2:24-cv-00703-WED

v.

**WISCONSIN DEPARTMENT OF**     JURY TRIAL DEMANDED
**CORRECTIONS; KEVIN A. CARR,**
**SECRETARY, WISCONSIN DEPARTMENT**
**OF CORRECTIONS; JARED HOY, DEPUTY**
**SECRETARY and RANDALL HEPP, WARDEN,**
**WAUPUN CORRECTIONAL in their individual**
**and official capacities.**

        **Defendants.**

## RULE 26(f) REPORT ON DISCOVERY PLANNING CONFERENCE SUBMITTED JOINTLY

      The Court will conduct a scheduling conference on September 16, 2024, at 9:00am. The parties conferred on September 12, 2024, to discuss the proposed discovery plan in this case and jointly submit the following Rule 26(f) Report:

**Nature of the Case:**

      Plaintiff alleges that the decedent, Tyshun Lemons died on October 2, 2023, as a result of what Plaintiff believes and alleges was a suicide by intentional overdose caused by Defendants' alleged deliberate indifference to Mr. Lemon's serious medical and mental health needs while he was incarcerated at Waupun Correctional Institution (WCI) located in Waupun, Wisconsin. The jurisdiction of the court is invoked pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331, §1346, and §1391(b); the Constitution of the United States of America; and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. §1367. Plaintiff's claims are as follows: Count 1 – Monell Liability (Parties have jointly stipulated to dismissal of Count 1 with prejudice); Count 2 – Violation of the Eighth Amendment (Cruel and

Unusual Punishment); Count 3 – Violation of Fourteenth Amendment (State Created Danger); Count 4 – Failure to Train and Supervise.

**Early Disposition/Mediation:**

a) The parties have discussed whether this case may be suitable for one or more of the Alternative Dispute Resolution programs and have agreed that the case may be suitable for mediation.
b) The deadline for good faith settlement discussions: To be discussed at Rule 16 Conference.

**Disclosures as Required under Rule 26(a):**

In addition to describing responsive documents, the parties agree that each will send copies of responsive documents in its possession to all other parties upon request. These copies may be transmitted in .pdf format. The parties request no other changes in the timing, form, or requirement of said disclosures.

**Initial Disclosures pursuant to Rule 26(a)(1) shall be made by Plaintiff by October 7, 2024.**

**Initial Disclosures pursuant to Rule 26(a)(1) shall be made by Defendants by October 7, 2024.**

**Expert Disclosures pursuant to Rule 26(a)(2) shall be made by Plaintiff by December 16, 2024.**

**Expert Disclosures pursuant to Rule 26(a)(2) shall be made by Defendants by January 16, 2025.**

**Pretrial disclosure pursuant to Rule 26(a)(3) shall be made as required by the provisions of Rule 26(a)(3).**

**Plaintiff:**

a. Motion for order regarding preservation of documents.
b. This may resolve any disputes regarding the extent of Defendants' obligation to preserve documents.
c. Motions to compel discovery as needed.
d. ESI search and protocols.

Motion for Protective Order. This will decide whether, and how, certain personal information of prisoners may be disclosed

**Subjects on which discovery may be needed:**

Discovery may be conducted with regard to the events alleged in the Complaint and in Defendants' Answer according to the standard of permissible discovery set out in Rule 26 and applicable law. Discovery may include depositions.

**Changes in Limitations on Discovery:**

The Parties agree that discovery requests will be transmitted in a word-processing file format, via email and that acknowledged receipt of such transmittal is good service. At this point, the parties are unaware of any changes that need to be made on discovery limitations. If it becomes apparent that changes are necessary, the parties anticipate that an agreement can be reached among counsel.

**Additional Matters Affecting Scheduling for Final Disposition.**

**Whether Parties Will be Joined or Pleadings Will be Amended:** Plaintiff reserves the right to join additional parties and/or amend her pleadings should additional information become available during discovery. Defendants request that the Court set a deadline for Plaintiff to join additional parties and/or amend her pleadings, and if Plaintiff wishes to join additional parties and/or amend her complaint after this deadline, that she must seek leave of court before doing so.

**Completion of Discovery:** Discovery shall be completed by **one month prior to the date upon which the parties' final pretrial disclosures under Rule 26(a)(3) are due.**

**Motions Contemplated:** The parties anticipate that summary judgment or other dispositive motions may be filed in this matter. Any such motion must be filed prior to **March 10, 2025.** Defendants shall file any motion(s) regarding exhaustion no later than **60 days** from the date of this Honorable Court's Scheduling Order. The parties will negotiate and reasonably cooperate with each other regarding discovery issues in advance of filing so as to alleviate the need for a Court order regarding further discovery prior to scheduling the motion for disposition. Responses and Replies can follow the deadlines set forth in the Local Rules.

**Estimated Trial Length:** The parties recommend that the Court consider any filed motions as this matter proceeds and that the parties incorporate the Court's determination in planning for any trial. If it becomes apparent that a trial is necessary, the parties anticipate that no more than five (5) days would be necessary.

**Whether a Jury Trial is Requested:** A jury trial has been requested.

**Recommended Dates for Final Pre-Trial Conference and Trial:** The parties prefer to discuss this matter with the Court during the telephonic scheduling conference.

**Formulation and Simplification of the Issues:** The parties will attempt to formulate and simplify the issues through discovery in advance of dispositive motions.

**Possibility of Obtaining Admissions of Fact and Documentation that Will Avoid Unnecessary Proof:** The parties will attempt to facilitate stipulations involving various issues.

**Necessity or Desirability of Obtaining Advance Rulings on the Admissibility of Certain Evidence:** The parties anticipate no advance rulings at this time but reserve the right to file motions in *limine* and other pretrial motions in advance of evidentiary proceedings in front of any judge.

**Issues relating to disclosure or discovery of electronically stored information:** The parties propose that electronically stored information be produced in .pdf files. For good cause shown, the Court may order that particular items of electronically stored information be produced in their native format as used in the usual course of business, or in some other form. The parties do not anticipate such issues but if it becomes apparent that electronic discovery issues may exist, the parties anticipate that an agreement can be reached among counsel.

**Issues relating to claims of privilege or protection of trial-preparation material:** Any privilege logs will be served simultaneously with the written response and/or objections to the document production. The parties do not anticipate any issues relating to claims of privilege or of protection as trial-preparation material but if it becomes apparent that such issues exist the parties anticipate that an agreement can be reached amongst counsel.

**Any other orders that should be entered by the Court under subdivision (c) or under Rule 16(b) and (c):** The parties agree that interrogatories, requests for admission and requests for the production of documents will be provided to all counsel by e-mail in a word-processing file format, and that discovery responses and documents produced in response to discovery requests may be transmitted as .pdf files via e-mail.

Respectfully submitted,

*/s/ Lonnie D. Story*
Lonnie D. Story, Esquire
Attorney for Plaintiff
STORY LAW FIRM, LLC
Wis. Bar #1121459
732 N. Halifax Avenue, #301
Daytona Beach, Florida 32118
(386) 492-5540
lstorylaw@gmail.com

*/s/ Brandon Flugaur*
Brandon Flugaur
State of Wisconsin Department of Justice
17 W. Main Street
Madison, WI 53703
flugaurbt@doj.state.wi.us

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IEMA LEMONS, as
Personal Administrator for the
Estate of TYSHUN L. LEMONS, Deceased,

    Plaintiff,

                                                            Case No.: 2:24-cv-00703-WED

v.

WISCONSIN DEPARTMENT OF    JURY TRIAL DEMANDED
CORRECTIONS; KEVIN A. CARR,
SECRETARY, WISCONSIN DEPARTMENT
OF CORRECTIONS; JARED HOY, DEPUTY
SECRETARY and RANDALL HEPP, WARDEN,
WAUPUN CORRECTIONAL in their individual
and official capacities.

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff hereby certifies that a true and correct copy of the foregoing *Report of Parties' Planning Meeting* was filed with the clerk on September 12, 2024, via the Court's CM-ECF Filing System which will provide electronic notification to all counsel of record.

                                              */s/ Lonnie D Story*
                                              Lonnie D. Story, WisBar #1121459