UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**IEMA LEMONS**, as
Personal Administrator for the
Estate of **TYSHUN L. LEMONS**, Deceased,

Plaintiff,

v. Case No. 24-CV-703

**WISCONSIN DEPARTMENT OF CORRECTIONS; KEVIN A. CARR, SECRETARY, WISCONSIN DEPARTMENT OF CORRECTIONS; JARED HOY, DEPUTY SECRETARY; and RANDALL HEPP, WARDEN, WAUPUN CORRECTIONAL INSTITUTION**,

Defendants.

---

**PLAINTIFF'S SECOND UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINE**

---

Plaintiff Iema Lemons, as Personal Administrator for the Estate of Tyshun L. Lemons, by and through undersigned counsel, respectfully moves the Court for a further extension of the discovery deadline to allow the parties to complete the Rule 30(b)(6) deposition, remaining fact depositions, and discovery related to recently produced and supplemental materials.

In support of this motion, Plaintiff states as follows:

1. The current discovery deadline expires today, July 31, 2026.
2. Plaintiff respectfully seeks an extension of the discovery deadline pursuant to Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1)(A).
3. Good cause exists for the requested extension. Discovery has been active and ongoing, and the parties have continued to exchange written discovery responses, supplemental responses, document productions, redacted death-review materials, records concerning security rounds,

video-related materials, AED data, PREA-related materials, emergency-response materials, and other records bearing on the claims and defenses in this matter.

4. Plaintiff has also proceeded with deposition scheduling, including scheduling the Rule 30(b)(6) deposition of Defendants' designated representative, Yana Pusich/Nordquist.

5. That Rule 30(b)(6) deposition had been scheduled for July 9, 2026, but had to be cancelled. The parties are in the process of rescheduling that deposition, but it has not yet been reset.

6. The Rule 30(b)(6) deposition remains necessary and important to address, among other topics, Defendants' internal review and demise-review process, the DOC-3356 materials, the timeline of events on October 2, 2023, North Cell Hall rounds and monitoring, emergency response, video preservation, AED data, drug and contraband issues, and related institutional procedures and records.

7. Additional fact depositions also remain necessary, including depositions of individual defendants and witnesses concerning Mr. Lemons' housing, monitoring, security rounds, welfare checks, medication pass, discovery of Mr. Lemons unresponsive, emergency response, Narcan administration, CPR, AED use, EMS involvement, video preservation, internal review materials, and related institutional issues.

8. Plaintiff has acted diligently in pursuing discovery. Plaintiff served written discovery, pursued supplemental production, reviewed substantial materials produced by Defendants, conferred with Defendants regarding discovery deficiencies and supplemental responses, noticed the Rule 30(b)(6) deposition, and has been working to schedule additional depositions.

9. The need for this additional extension is not the result of delay or lack of diligence. Rather,

it arises from ongoing discovery production, the need to complete the Rule 30(b)(6) deposition and remaining fact depositions, and extraordinary and unavoidable medical circumstances affecting undersigned counsel during the discovery period.

10. On May 28, 2026, undersigned counsel underwent shoulder surgery involving rotator cuff repair and bicep reattachment.

11. That recovery became complicated by a post-surgical infection, which required a second surgery on July 7, 2026, to remove infected areas and hardware.

12. As a result of that infection and second surgery, undersigned counsel required a nine-day hospitalization.

13. Thereafter, on July 23, 2026, undersigned counsel developed multifocal bilateral pneumonia, requiring an additional seven-day hospitalization.

14. Undersigned counsel was released from the hospital yesterday evening, July 30, 2026.

15. These medical circumstances substantially impaired undersigned counsel's ability to review recent supplemental discovery, prepare for and conduct the Rule 30(b)(6) deposition, schedule and conduct the remaining fact depositions, and complete discovery before the current July 31, 2026 deadline.

16. Plaintiff does not seek this extension for purposes of delay. Plaintiff seeks only a reasonable opportunity to complete discovery in light of the substantial productions, the cancelled and yet-to-be-rescheduled Rule 30(b)(6) deposition, remaining necessary fact depositions, and undersigned counsel's serious medical complications during the discovery period.

17. Plaintiff has conferred with Defendants regarding this requested extension, and Defendants do not oppose the relief requested.

18. Plaintiff respectfully requests that the Court extend the discovery deadline to October 15,

2026, for the limited purpose of completing the Rule 30(b)(6) deposition, completing remaining fact depositions, addressing recently produced and supplemental discovery, and resolving any remaining discovery issues arising from those materials.

19. Plaintiff further requests that the dispositive-motion deadline be extended accordingly to November 15, 2026, or to such other date as the Court deems appropriate.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order extending the discovery deadline to **October 15, 2026**, extending the dispositive-motion deadline to **November 15, 2026**, and granting such further relief as the Court deems just and appropriate.

Respectfully submitted this 31st day of July 2026.

Electronically signed by:

/s/ *Lonnie D Story*_________
Lonnie D. Story, Esq.
State Bar No. 1121459
STORY LAW FIRM, LLC
732 N. Halifax Ave., #301
Daytona Beach, FL 32118
Phone: (386) 492-5540
Email: lstorylaw@gmail.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ *Lonnie D Story*_________
Lonnie D. Story, Esq.